UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| KENNETH SCHMITT, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. |
| | ) | 6:21-cv-089-JMH |
| v. | ) | |
| | ) | |
| C. GOMEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without a lawyer, Kenneth Schmitt filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [DE 10]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Schmitt's petition.

In April 2013, a jury found Schmitt guilty of one count of being a felon in possession of a firearm. *See United States v. Kenneth Schmitt*, No. 3:11-cr-00048-RLY-CMM-1, at DE 65 (S.D. Ind. 2013). Ahead of Schmitt's trial, he stipulated that, prior to the alleged offense, he had been convicted of a felony. *See id.* at DE 57 at ¶ 3 (stipulation of prior felony conviction signed by the parties, including the defendant and his attorney). Following Schmitt's conviction, the trial court sentenced him to 110 months in prison. *See id.* at DE 79. The United States Court of Appeals for the Seventh Circuit then affirmed the trial court's judgment.

*See id.* at DE 101. That said, Schmitt later moved to vacate his sentence pursuant to 28 U.S.C. § 2255, and, in light of that motion, the trial court resentenced Schmitt to 99 months in prison. *See id.* at DEs 112, 119, 144. Schmitt later filed another appeal but then filed a motion to voluntarily dismiss that appeal, which the Seventh Circuit granted. *See* DE 157.

Schmitt now pursues relief via § 2241, and he puts forth several claims. Schmitt first claims that his conviction for being a felon in possession of a firearm is no longer valid because of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [DE 10 at 3]. Schmitt then makes a number of constitutional claims; indeed, he argues that his Fourth and Fifth Amendment rights were violated when law enforcement officials conducted a protective sweep and search and arrested him. [*Id.* at 4-5]. Finally, Schmitt claims that, during his trial, some of the district judge's rulings violated Rule 403 and 404 of the Federal Rules of Evidence. [*Id.* at 6]. Thus, Schmitt asks this Court to vacate his conviction.

Schmitt's petition, however, constitutes an impermissible collateral attack on his conviction. Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion

and a § 2241 petition). That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, as a general matter, Schmitt cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Schmitt has not met all of these requirements. The Court first begins with Schmitt's *Rehaif* claim. Even assuming, without deciding, that the first three *Wooten* elements are satisfied, Schmitt still has not demonstrated that, in light of *Rehaif*, it is more likely than not that no reasonable juror would have convicted

3

him of being a felon in possession of a firearm. In *Rehaif*, the Supreme Court held that the Government must prove that the defendant possessed a firearm while being aware of his relevant status—meaning that he knew that he was a felon, an alien unlawfully in this country, or the like. *See Rehaif*, 139 S. Ct. at 2194; *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (interpreting the Supreme Court's holding in this manner).

Here, Schmitt has provided no basis to conclude that a reasonable juror would infer that he was somehow unaware that he was a felon at the time he possessed the firearm in question. In fact, Schmitt does not discuss the substance of his trial in any detail in his present petition. [DE 10 at 3-4]. Plus, if anything, Schmitt's stipulation at trial that he had a prior felony conviction undercuts the implication that he somehow did not know he was a felon when he possessed the firearm. Indeed, the Sixth Circuit has repeatedly indicated that such a "stipulation supports an inference that [the petitioner] had the 'requisite knowledge of his status for a § 922(g)(1) violation.'" *Hunter v. Quintana*, No. 20-5084, at 5 (6th Cir. Oct. 9, 2020) (quoting *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020); *see also United States v. Ward*, 957 F.3d 691, 695 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."

(quoting *United States v. Conley*, 802 F. App'x 919, 923 (6th Cir. 2020))). In short, Schmitt has not shown that *Rehaif* renders him actually innocent of his § 922(g) conviction.

Finally, Schmitt also asserts a number of constitutional and evidentiary arguments. [DE 10 at 4-6]. Those claims, however, do not involve any intervening change in statutory law, as required to obtain relief via § 2241. *See Wooten*, 677 F.3d at 307-08.

Accordingly, it is **ORDERED** as follows:

1) Schmitt's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**;

2) This action is **STRICKEN** from the Court's docket; and

3) The Court will enter a corresponding Judgment.

This the 28th day of May, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge